UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

O'NEIL R. THORPE,

           Plaintiff,

- against -

BANK OF AMERICA, N.A., and
RUBIN & ROTHMAN, LLC

           Defendants.
_____/

**COMPLAINT**

Docket No.: 20cv9038
Jury Trial Demanded: Yes

Plaintiff, O'NEIL R. THORPE ("Plaintiff"), by and through his undersigned counsel, brings this action against Defendants, RUBIN & ROTHMAN, LLC (hereinafter "Defendant Rubin and Rothman"), BANK OF AMERICA, N.A. (hereinafter "Defendant BoA"), and alleges the following, upon information and belief:

**PARTIES**

1. Plaintiff is a resident of State of New York and currently resides at 200 E 131 Street, Apt. 4D, New York, NY 10037.

2. Defendant Rubin and Rothman is a company engaged in the business of collecting debts with a principal place of business located at 1787 Veterans Highway, Suite 32, Islandia, NY 11749.

3. Defendant BoA is a bank with a principal place of business located at 100 N Tryon Street, Suite 220, Charlotte, NC 28202.

4. Plaintiff is a "consumer" as defined by the FDCPA, 15 USC § 1692a(3).

1

5. Defendant Rubin and Rothman is a "debt collector" as defined and used in the FDCPA under 15 USC § 1692a(6).

## FACTUAL ALLEGATIONS

6. On March 19, 2018, Defendants Rubin and Rothman and BoA filed a consumer credit action against Plaintiff in the Civil Court of the City of New York, County of New York (Index No.: CV-005721-18/NY) (the "Underlying Lawsuit").

7. Defendants Rubin and Rothman and BoA filed the Underlying Lawsuit against Plaintiff in an attempt to collect on an alleged past due balance, of $3,005.72, allegedly owed by Plaintiff on a Bank of America credit card.

8. Plaintiff did not owe Bank of America any money, had not created the card in question, and had not was not even in the United States at the time of the alleged card's opening.

9. Plaintiff had to appear at least **nine** times for this baseless and false lawsuit filed by Defendants Rubin and Rothman and BoA without evidence and justification.

10. Each time Plaintiff had to appear for court, he had to take a day off from work.

11. Each time Plaintiff was forced to appear, Defendants Rubin and Rothman and BoA were not able to produce a shred of evidence tying Plaintiff to the account.

12. Instead of dismissing the case against Plaintiff, Defendants Rubin and Rothman and BoA would seek extensions or adjournments in bad-faith, attempting to wear-out Plaintiff.

13. After numerous appearances in the span of almost two (2) years, on March 11, 2020, a trial was held before Judge Matthew P. Raso, J.C.C., in the Underlying Lawsuit. *See* **Exhibit A**.

14. Defendants Rubin and Rothman and BoA attempted to file multiple Motions for Summary Judgment in the Underlying Lawsuit which were denied, as each time Defendants Rubin and Rothman and BoA were not able to establish that Plaintiff actually opened the account, made any charges on the account, or was responsible in any way for the account.

15. Each time Plaintiff requested documentation bearing his social security number, date of birth, address, or any personal identifying information that actually would tie him to the account, Defendants Rubin and Rothman and BoA would seek to adjourn the conference, seeking delay tactics rather than produce evidence that Plaintiff was responsible for the underlying account.

16. After opening statements, [Defendants Rubin and Rothman and BoA] called its first and only witness, Pamela Ritter (Hereinafter "Ms. Ritter"). *See* **Exhibit B**.

17. One of Defendants Rubin and Rothman's and BoA's exhibits consisted of a document that [Ms. Ritter] testified was **generated after** [Plaintiff allegedly] applied for a consumer credit card from Defendant BoA. *Id*.

18. The documents showed that someone allegedly applied for the Bank America credit card, that was the subject account of the Underlying Lawsuit, on or around July 19, 2007. *Id*.

19. The alleged applicant's name was "O NEIL THORPE" with a "14418 230TH PL SPRINGFIELD GARDENS, NY 114133620" address and social security number ending in "2686." The space in the spelling of the name is material to this matter. *Id*.

20. That is not the spelling of Plaintiff's name.

21. This is not Plaintiff's account.

22. Plaintiff has never resided or known anyone who has lived at the address stated.

23. Ms. Ritter testified that the number set forth in the location calling for the applicant's social security number was not Plaintiff's actual social security number. *Id*.

24. Ms. Ritter falsely testified that the Temporary Identification Number was used to open the account because in 2007, Plaintiff lived in Jamaica and did not have a social security number. *Id*.

25. Ms. Ritter did not testify how she knew Plaintiff was in Jamaica in 2007 nor did Ms. Ritter submit any document confirming that the Temporary Identification Number actually belonged to Plaintiff. *Id*.

26. At the time the account was allegedly opened, Plaintiff had yet ever been to the United States. Plaintiff did not come to the United States until 2011.

27. Ms. Ritter did not testify as to how the credit card was applied for, whether in person, over the phone, or online via the internet. *Id*.

28. During cross-examination, Ms. Ritter **admitted that she had no documents to establish when, how, or by whom the social security number was provided** to Defendant BoA. *Id*.

29. Ms. Ritter's testimony relating to how and when Defendant BoA requested Plaintiff's social security number was slim and lacking any real details. *Id*.

30. Ms. Ritter also entered a copy of a credit card agreement and several amendments thereto as evidence. *Id*.

31. These items were allegedly mailed to Plaintiff at a series of different addresses between 2007 and 2015. *Id*.

32. During cross-examination, Ms. Ritter **admitted that she had no documents, or other items, that would help explain why the agreement and amendments were mailed to several addresses**. *Id*. Instead, Ms. Ritter simply explained that these are the addresses that Plaintiff must have provided to Defendant BoA. Other than Ms. Ritter's testimony, the record is silent as to how the different addresses were provided to Defendant BoA. *Id*.

33. Ms. Ritter also entered copies of numerous billing statements allegedly sent to Plaintiff between 2009 and 2016 as evidence. *Id*. None of the billing statements were actually sent to Plaintiff. *Id*. All had a different address, except one, the last billing statement which was sent after the account was already in default and still had the mis-spelled name. *Id*.

34. These items were also allegedly mailed to Plaintiff at a series of different addresses. *Id*.

35. Plaintiff denied ever applying for the underlying credit card. *Id*.

36. Plaintiff testified that he did not come to the United States until the end of 2010 or the beginning of 2011, and that he did not receive authorization to work in the United States until 2011. *Id*.

37. Plaintiff testified that he does not recognize the TIN that was used to open the Bank of America credit card account and that the TIN was not Plaintiff's TIN. *Id*.

38. Plaintiff testified that he spells his name, 'O'Neil Thorpe' not 'O Neil Thorpe,' noting the difference between the spellings (one with an apostrophe and one without an apostrophe). *Id*. Plaintiff testified that he always spelled his name using an apostrophe and never spelled his name with a space between the 'O' and 'N' of his first name. *Id*.

39. Plaintiff testified that he never resided at any of the different address, to which Defendant BoA allegedly mailed the above-mentioned items, except for one address. *Id*.

40. Plaintiff testified that while he does have a checking account with BoA, he stressed that he never applied for, or opened, a credit card account with Defendant BoA. Plaintiff testified that he never used a credit card issued by Defendant BoA, and that he never made any payments on a credit card account issued by Defendant BoA. *Id*.

41. As a result, on April 15, 2020, Judge Raso entered a decision in the Underlying Lawsuit wherein he dismissed the Underlying Lawsuit in its entirety. *Id*.

42. Defendants Rubin and Rothman and BoA failed to establish that Plaintiff named herein applied for the consumer credit account upon which the Underlying Lawsuit was based on.

43. Moreover, Defendants Rubin and Rothman and BoA failed to establish that the Plaintiff named herein regularly used the subject credit card, that Plaintiff named herein was provided with the terms of any credit card agreement, and that Plaintiff herein made payments on the underlying consumer credit account.

44. Defendants Rubin and Rothman and BoA filed the Underlying Lawsuit against Plaintiff despite having **zero** evidence that Plaintiff applied for the Bank of America credit card account that was the subject account of the Underlying Lawsuit, that Plaintiff used the Bank of America credit card account that was the subject account of the Underlying Lawsuit, and that Plaintiff made payments on the Bank of America credit card account that was the subject account of the Underlying Lawsuit.

45. Defendants Rubin and Rothman's and BoA's lack of evidence was exposed during trial.

46. Despite not having a shred of evidence to support their claims, Defendants Rubin and Rothman and BoA, in collaboration, repeatedly adjourned appearances, filed motions

6

based on false evidence, and attempted to wear out Plaintiff by making him appear **nine** times.

47. Despite being repeatedly warned by Plaintiff that he did not create or use this account, Defendants Rubin and Rothman and BoA continued to maintain their lawsuit in bad-faith.

48. Defendants Rubin and Rothman and BoA were aware that Plaintiff did not create or use the account.

49. The evidence produced at the trial clearly showed that Plaintiff did not create or use the account.

50. Further, statements were not sent to Plaintiff for this account.

51. At trial, Defendants Rubin and Rothman and BoA produced only one account statement that was allegedly sent to Plaintiff. This was after the account was already delinquent, and does not show that the account was Plaintiff's, was opened by Plaintiff, was ever used by Plaintiff, or in any way belonged to Plaintiff.

## **FIRST CAUSE OF ACTION**

### **(As to Defendant Rubin and Rothman)**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
### **15 U.S.C. § 1692 et seq.**

52. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

53. 15 U.S.C. § 1692e – preface prohibits a debt collector from using false, deceptive, or misleading representation or means in connection with a debt collection.

54. Defendant Rubin and Rothman is in violation of 15 U.S.C. §1692e – preface by attempting to collect on an alleged past due balance, not owed by Plaintiff, by filing the

Underlying Lawsuit against Plaintiff, by filing and insisting in litigating the Underlying Lawsuit against Plaintiff despite having **zero** evidence that Plaintiff applied for the Bank of America credit card account that was the subject account of the Underlying Lawsuit, that Plaintiff used the Bank of America credit card account that was the subject account of the Underlying Lawsuit, and that Plaintiff made payments on the Bank of America credit card account that was the subject account of the Underlying Lawsuit, and by deceptively entering misleading statements and evidence at trial in an attempt to collect on the alleged past due balance.

55. 15 U.S.C. § 1692e(2) prohibits a debt collector from communicating false or misleading representations to a consumer regarding the character, amount, or legal status of the alleged debt.

56. Defendant Rubin and Rothman is in violation of 15 U.S.C. §1692e(2) by attempting to collect on an alleged past due balance, not owed by Plaintiff, by filing the Underlying Lawsuit against Plaintiff, and by filing and insisting in litigating the Underlying Lawsuit against Plaintiff despite having **zero** evidence that Plaintiff applied for the Bank of America credit card account that was the subject account of the Underlying Lawsuit, that Plaintiff used the Bank of America credit card account that was the subject account of the Underlying Lawsuit, and that Plaintiff made payments on the Bank of America credit card account that was the subject account of the Underlying Lawsuit.

57. 15 U.S.C. § 1692e(10) prohibits a debt collector from making any false representation or deceptive means to collect a debt or obtain information about a consumer.

58. Defendant Rubin and Rothman is in violation of 15 U.S.C. §1692e(10) by attempting to collect on an alleged past due balance, not owed by Plaintiff, by filing the Underlying Lawsuit against Plaintiff, by filing and insisting in litigating the Underlying Lawsuit against Plaintiff despite having **zero** evidence that Plaintiff applied for the Bank of America credit card account that was the subject account of the Underlying Lawsuit, that Plaintiff used the Bank of America credit card account that was the subject account of the Underlying Lawsuit, and that Plaintiff made payments on the Bank of America credit card account that was the subject account of the Underlying Lawsuit, and by deceptively entering misleading statements and evidence at trial in an attempt to collect on the alleged past due balance.

59. 15 U.S.C. § 1692f – preface prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt.

60. Defendant Rubin and Rothman is in violation of 15 U.S.C. §1692f – preface by attempting to collect on an alleged past due balance, not owed by Plaintiff, by filing the Underlying Lawsuit against Plaintiff, by filing and insisting in litigating the Underlying Lawsuit against Plaintiff despite having no evidence that Plaintiff applied for the Bank of America credit card account that was the subject account of the Underlying Lawsuit, that Plaintiff used the Bank of America credit card account that was the subject account of the Underlying Lawsuit, and that Plaintiff made payments on the Bank of America credit card account that was the subject account of the Underlying Lawsuit, and by deceptively entering misleading statements and evidence at trial in an attempt to collect on the alleged past due balance.

61. As a result of Defendant Rubin and Rothman's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

62. Defendant forced Plaintiff to attend multiple proceedings without merit, seeking adjournments repeatedly, forcing Plaintiff to come back to court **nine times**.

63. Defendant Rubin & Rothman acted in bad faith, unduly prolonged the legal proceedings, and required a consumer to appear at unnecessary hearings.

## SECOND CAUSE OF ACTION

### (As to Defendant BoA)

### Deceptive Business Practices, N.Y. GBL § 349

64. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

65. "The elements of a cause of action under GBL § 349 are: (1) the challenged act or practice was consumer-oriented; (2) it was misleading in a material way; and (3) plaintiff suffered injury as a result of the deceptive act." *Remis v. Fried*, 2011 NY Slip Op 50479(U) (Citing *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 NY2d 20, 24—25 (1995).

66. As set forth above and herein, Defendant BoA engaged in the following false, deceptive, and misleading business practices that satisfy the first element:

    a. attempting to collect on an alleged past due balance, not owed by Plaintiff, by filing the underlying lawsuit against Plaintiff;

    b. by filing and insisting in litigating the Underlying Lawsuit against Plaintiff despite having **zero** evidence that Plaintiff applied for the Bank of America credit

card account that was the subject account of the Underlying Lawsuit, that Plaintiff used the Bank of America credit card account that was the subject account of the Underlying Lawsuit, and that Plaintiff made payments on the Bank of America credit card account that was the subject account of the Underlying Lawsuit; and

c. by deceptively entering misleading statements and evidence at trial in an attempt to collect on the alleged past due balance.

67. Plaintiff was a consumer wrongfully sued, via a consumer credit action, by Defendant BoA in an attempt to collect on an alleged past due balance, allegedly associated with a Bank of America credit card issued to consumers.

68. Upon information and belief, the false, deceptive, and misleading representations made by Defendant BoA, as described in detail above and herein, are the same or similar to the misrepresentations made by Defendant BoA against other consumers whom Defendant BoA has filed baseless lawsuits in an attempt to collect on alleged past due balances.

69. By engaging in such false, deceptive, and misleading practices, Defendant BoA has caused harm to the general consuming public who have been wrongfully sued, via consumer credit actions, by Defendant BoA in an attempt to collect on alleged past due balances, allegedly associated with a Bank of America credit cards issued to consumers.

70. Plaintiff has similarly been harmed by such false, deceptive, and materially misleading practices.

71. Defendant BoA's conduct and practices, as described in detail above and herein, are deceptive and misleading in a material respect given that Plaintiff was forced to defend, for more than two (2) years, against Defendant BoA's wrongful lawsuit against him as a

result of Defendant's BoA's false, deceptive, and misleading practices: the initial filing of its baseless lawsuit, its insistence in litigating its baseless lawsuit, and its deceptive submission of misleading statements and evidence at trial. As such, Defendant BoA's conduct and practices were unquestionably material to Plaintiff being forced to defend, for more than two (2) years, against Defendant BoA's wrongful lawsuit against him.

72. Plaintiff suffered injury as a result of Defendant BoA's deceptive acts: his employment suffered as he was forced to miss numerous days of work due to the numerous appearances in the Underlying Lawsuit (that was unnecessarily prolonged by Defendant BoA for more than two (2) years), he was forced to incur attorney fees in his defense of Defendant BoA's wrongful lawsuit against him, and he has suffered from damage to reputation, interference with his normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, and worry as a result of the Underlying Lawsuit.

73. Defendant BoA's conduct and practices, as described in detail above and herein, constitute deceptive acts and practices, in violation of N.Y. GBL § 349.

74. Moreover, Defendant BoA's conduct and practices, as described in detail above and herein, were committed willfully or knowingly.

75. As a result of the foregoing, pursuant to N.Y. GBL § 349(h), Plaintiff is entitled to an award of damages from Defendant BoA, in an amount not less than $15,000.00; Plaintiff is also entitled to an award of statutory damages, in the amount of $1,000.00 per violation of law, as well as reasonable attorney's fees and costs incurred as a result of Defendant BoA's egregious and unlawful behavior.

**DEMAND FOR TRIAL BY JURY**

76. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the Court to enter judgment against Defendants Rubin and Rothman and BoA, as set forth above, awarding Plaintiff the following relief:

A. For actual damages provided and pursuant to 15 U.S.C. § 1692(k)(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(B);

D. For attorneys' fees and costs provided and pursuant to 15 U.S.C. 1692k(a)(3);

E. A declaration that the Defendant Rubin and Rothman's practices violated the FDCPA;

F. An amount not less than $15,000.00, plus an award of statutory damages, in the amount of $1,000.00 per violation of law, plus an award of attorney's fees, pursuant to N.Y. GBL § 349(h);

G. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: October 28, 2020

                                        Respectfully submitted,

                                        _____

                                        Subhan Tariq, Esq.
                                        Attorney I.D.# ST9597
                                        The Tariq Law Firm, PLLC
                                        **Attorney for Plaintiff**
                                        34-18 Northern Blvd – Suite 2-25
                                        Long Island City, NY 11101
                                        Telephone: (718) 674-1245
                                        Email: subhan@tariqlaw.com